Henry Van Acker, Jr., Esq., Informal Opinion Town Attorney No. 98-48 Town of Champlain One Lincoln Boulevard Rouse's Point, N Y 12979-1042
Dear Mr. Van Acker:
You have asked whether there is a particular form of execution that must be used when an attorney-in-fact executes a deed. Specifically, you ask whether the attorney-in-fact must sign the principal's name as well as his or her own followed by the designation "attorney-in-fact", or whether the principal's name may be printed, with the attorney-in-fact signing only his or her own name, followed by the designation "attorney-in-fact."
We are aware of no statutory requirement that any particular form of execution be used when an attorney-in-fact executes a deed for a principal. The General Obligations Law establishes the forms to be used in the creation of a power of attorney and provides that the agent's authority to act may include real estate transactions if the principal so specifies. General Obligations Law § 5-1501(1),(1-a). The statute further provides that the language in the statutory short form power of attorney conferring general authority with respect to real estate transactions authorizes the agent to sell, exchange or convey any estate or interest in land and to execute, acknowledge, seal and deliver any deed on behalf of the principal. General Obligations Law §5-1502A(3), (9). The statute does not specify a particular form of execution that the attorney-in-fact must use when exercising those powers to render a deed valid or recordable.
Real Property Law, Article 9, governs the recording of instruments affecting real property. Section 291 states that "a conveyance of real property, within the state, on being duly acknowledged by the person executing the same, or proved as required by this chapter . . . may be recorded in the office of the clerk of the county. . . ." This statute also makes no reference to a particular form of execution that must be used by an attorney-in-fact. Real Property Law § 294(1) permits, but does not require, the recording of a power of attorney that authorizes the agent to convey real property in the county where the real property is located.
In our view, either of the forms of execution you inquired about may be employed. The governing law does not make the authority of the attorney-in-fact dependent upon the use of a particular form of signature upon a deed. Both forms you present clearly state that the document is being executed by an attorney-in-fact on behalf of a principal. Neither is likely to cause confusion about the identity or authority of the principal or the individual executing the deed, and neither should create a bar to recording the document. See, 2A NYJur 2d, Agency, §§ 198-99.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General